FILED

IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y:

★ NOV 1 7 2008 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

CYNTHIA BERLINER,                                         :

                                    Plaintiff,            :       **MEMORANDUM**
                                                          :       **DECISION AND ORDER**
                                                          :
                - against -                               :       08-CV-3152 (BMC)
                                                          :
PORT AUTHORITY OF NY & NJ, POLICE                         :
OFFICERS MATTHEW WALPOLE, JOHN                            :
DOES 1-3, JETBLUE AIRWAYS                                 :
CORPORATION,                                              :
                                                          :
                                    Defendants.           :
------------------------------------------------------------ X

**COGAN,** District Judge

This matter is before the Court on defendant JetBlue Airways Corporation's ("JetBlue's")

motion to dismiss plaintiff's complaint pursuant to Fed R. Civ. P. 12(b)(6). Specifically, JetBlue

argues that plaintiff's complaint fails to assert a cause of action against JetBlue either under 42

U.S.C. § 1983 (plaintiff's fourth claim for relief) or under a theory of negligence (plaintiff's fifth

claim for relief). For the following reasons, the Court grants JetBlue's motion and dismisses

plaintiff's fourth and fifth claims for relief.

## BACKGROUND

The Court has taken the following background from plaintiff's complaint, accepting all

factual allegations in the complaint as true and drawing all reasonable inferences in favor of

plaintiff as is required on a motion to dismiss. See Kalnit v. Eichler, 264 F.3d 131, 137-38 (2d

Cir. 2001).

On June 10, 2006, Cynthia Berliner ("Berliner" or "plaintiff") and her husband attempted

to board a JetBlue flight to California at John F. Kennedy International Airport ("JFK"). At the

JetBlue counter, Berliner declared her firearm, which was unloaded and secured in a box

separate from the firearm's ammunition.  Berliner filled out a JetBlue Firearm Declaration form.

Pursuant to an alleged "understanding" between JetBlue and Port Authority of New York and

New Jersey ("Port Authority"), JetBlue notified Port Authority of Berliner's firearm declaration.

After receiving notice of the firearm declaration from JetBlue, Port Authority police

officers, including defendants Matthew Walpole and John Does 1-3, responded to the JetBlue

counter.  The officers questioned Berliner about her firearm and allegedly came to the conclusion

that she was illegally carrying a "loaded firearm."  The officers never inquired whether Berliner

was traveling with her firearm in compliance with the Firearm Owner Protection Act ("FOPA"),

18 U.S.C. § 926A, which allows transport of a firearm "for any lawful purpose from any place

where [the owner] may lawfully possess and carry such firearm to any other place where [the

owner] may lawfully possess and carry such firearm if, during such transportation the firearm is

unloaded, and neither the firearm nor any ammunition being transported is readily accessible. . .

."  Berliner claims that she was carrying her firearm in compliance with FOPA, and the officers'

failure to determine her entitlement to travel with the firearm under the statute was a departure

from "proper police procedures."

After completing their questioning, the officers arrested Berliner for felony possession of

a firearm under New York Penal Law §§ 265.03 and 265:02-4.[1]  They handcuffed Berliner and

transported her to a detention facility to await her arraignment.[2]  Berliner alleges that in

handcuffing her, the officers "yanked her right arm behind her back" in spite of her husband's

warning to the officers that she had recently undergone rotator cuff surgery on her right arm.

---

[1] Although Berliner's complaint alleges that she "legally purchased the gun and possessed a Department of Justice Handgun Safety Certificate No. 223040," the complaint does not indicate whether she showed officers her permit.
[2] Berliner was arraigned in Queens County Criminal Court; after her arraignment, the Queens County court dismissed all criminal charges.

Berliner's complaint alleged five claims for relief: (1) a § 1983 claim against the defendant police officers for violation of her constitutional rights to travel and to be free from unreasonable search and seizure, malicious prosecution, and abuse of process; (2) a claim under FOPA for deprivation of her statutory entitlement to carry the firearm, and a § 1983 claim against officers who failed to prevent the FOPA violation; (3) a § 1983 claim against Port Authority based on a "policy, custom or practice of interfering with an individual's right to interstate travel with their lawful [*sic*] acquired firearm in compliance with federal law," and failure to train Port Authority police officers to comply with FOPA; (4) a § 1983 claim against JetBlue alleging that JetBlue was "acting as a quasi law enforcement agent or state actor operating under the direction and control" of Port Authority, that JetBlue "conspired with Port Authority and its police department" to report all passengers who declared firearms, and that JetBlue was acting pursuant to this alleged conspiracy when "it deprived Berliner of her civil liberties;" and (5) a negligence claim against JetBlue for failure to implement a policy, procedure, or training to comply with FOPA.

JetBlue has moved to dismiss plaintiff's fourth and fifth claims for relief under Fed. R. Civ. P. 12(b)(6). JetBlue argues that Berliner's § 1983 claim fails as a matter of law because FOPA does not form the basis for a damages claim under § 1983, and because Berliner failed to allege sufficient facts to establish state action by JetBlue. JetBlue further asserts that Berliner failed to allege sufficient details supporting her § 1983 conspiracy claim, and that her negligence claim fails as a matter of law because she failed to allege that JetBlue owed her a duty of care.

In opposing JetBlue's motion, Berliner primarily argues that FOPA does form the basis for a damages claim under § 1983.[3] She further asserts that her complaint adequately pled state

---

[3] Berliner's FOPA arguments challenge this Court's decision in <u>Torraco v. Port Auth. of N.Y. & N.J.</u>, 539 F. Supp. 2d 632 (E.D.N.Y. 2008), a case in which Berliner's counsel in this action advanced similar FOPA arguments on

action by JetBlue based on the allegations that JetBlue and Port Authority were engaged in a conspiracy, and that these allegations stated a claim because "[n]otice pleading is sufficient in a 1983 conspiracy claim."  Regarding her negligence cause of action, Berliner concedes that she did not allege the word "duty" in her complaint, but argues that it is "axiomatic" that an airline owes a duty of care to its passengers.  She also claims that JetBlue's negligent failure to train its employees in FOPA caused her injuries, including the officers' use of force against her, "since it was reasonably foreseeable that force would be used in effectuating an arrest."

## DISCUSSION

In reviewing a complaint on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint and construe the complaint in the light most favorable to plaintiff.  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  "[L]egal conclusions, deductions or opinions couched as factual allegations" are not entitled to a "presumption of truthfulness."  Id.  To survive dismissal, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly as mandating a "flexible plausibility standard," which obliges a plaintiff to plead additional factual allegations "in those contexts where such amplification is needed to render the claim plausible").

### I.       Plaintiff's 42 U.S.C. § 1983 claim against JetBlue

Even construed in the light most favorable to Berliner, her complaint fails to plead a plausible § 1983 claim against JetBlue.  As the Second Circuit recently stated, "a plaintiff

---

behalf of another plaintiff, and the Court concluded that FOPA did not provide a basis for a damages claim under § 1983.  Although the Court grants JetBlue's motion to dismiss Berliner's § 1983 claim based on her failure to sufficiently allege state action by JetBlue or a § 1983 conspiracy, the Court stands by its conclusion in Torraco and notes that even if Berliner had adequately alleged state action, it would have dismissed Berliner's § 1983 claim for the reasons articulated in the Torraco decision.

pressing a claim of violation of [her] constitutional rights under § 1983 is . . . required to show state action." Sybalski v. Indep. Group Home Living Program, Inc., __ F.3d __, 2008 WL 4570642, at *1 (2d Cir. Oct. 15, 2008) (quoting Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (affirming district court's 12(b)(6) dismissal of a § 1983 claim)). For purposes of § 1983:

> [T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the state,' or the entity's functions are 'entwined with state policies' ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the state,' ('the public function test').

Sybalski, 2008 WL 4570642, at *2. Thus, to survive dismissal, a complaint must allege sufficient facts to state a plausible claim that a private entity is a state actor under at least one of these tests.

Berliner's complaint fails to allege sufficient facts to state a plausible claim that JetBlue is a state actor under any of these tests. First, although the complaint alleges in conclusory fashion that JetBlue is a "de facto law enforcement surrogate" and "a quasi law enforcement agent or state actor operating under the direction and control of [Port Authority]," these are nothing more than legal opinions couched as factual allegations and need not be taken as true. In re NYSE Specialists, 503 F.3d at 95. Berliner's complaint includes no other factual allegations supporting attribution of JetBlue's actions to the state under the compulsion test.

Second, Berliner's complaint fails to allege sufficient facts to attribute JetBlue's actions to the state under the joint action/close nexus test. Joint action requires a plaintiff to allege "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Cranley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105,

111 (2d Cir. 2003).  A private actor's request for police assistance or conveyance of information

to the police is insufficient to allege state action under this test.  See Middleton v. City of N.Y.,

04-CV-1304, 2006 WL 1720400, at *8 n.9 (E.D.N.Y. June 19, 2006).  Here, Berliner's

complaint alleged only that JetBlue notified Port Authority of Berliner's firearm declaration and

thus caused Port Authority police officers to respond to the JetBlue counter.  These statements

are clearly insufficient to allege any coercion or encouragement of JetBlue by Port Authority,

and plaintiff has thus failed to allege a plausible basis to attribute JetBlue's actions to the state on

a joint action theory.  See id.; Sybalski, 2008 WL 4570642, at *2 (upholding dismissal of § 1983

action where plaintiff "has not alleged facts sufficient to show that [the private entity's actions]

were 'so governed by state regulation as to be properly attributed to the state'" under the joint

action test).

Lastly, Berliner's complaint fails to allege any facts supporting attribution of JetBlue's

actions to the state under the public function test, which requires that the state must delegate to

the private actor "functions that were traditionally under the exclusive authority of the state."

Sybalski, 2008 WL 4570642, at *3.  The allegation that JetBlue notified Port Authority about

Berliner's firearm declaration does not indicate delegation of any state functions or authority to

JetBlue.  Indeed, as JetBlue argued in its reply brief, the allegation that JetBlue employees

provide Port Authority with information about firearm declarations indicates the exact opposite –

JetBlue has been delegated *no* authority to question passengers about their firearms.  Rather, Port

Authority retains the sole authority to perform these functions, and JetBlue defers to Port

Authority and its officers.

Without allegations sufficient to state a plausible claim that JetBlue functions as a state

actor under any of these tests, plaintiff's § 1983 claim against JetBlue must fail.  Id. at *4.

**Page 6 of 14**

("Because [the private action] cannot be attributed to the state, defendant[] cannot be held liable under section 1983.").

In her opposition brief, Berliner suggests that her allegations of a conspiracy between JetBlue and Port Authority are sufficient to plead state action by JetBlue. However, even assuming that conspiracy allegations are by themselves sufficient to plead state action, Berliner's complaint fails to sufficiently allege the existence of any plausible § 1983 conspiracy. To state a plausible § 1983 conspiracy claim, a complaint must make more than merely conclusory allegations; it "must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Dunlop v. City of N.Y., No. 06 Civ. 0433, 2008 WL 1970002, at *6 (S.D.N.Y. May 6, 2008) (applying Twombly plausibility standard and "read[ing] Ciambriello as informing this Court's understanding of the type of factual allegations that are minimally sufficient to state a 'plausible' conspiracy claim under § 1983").

Specifically, to survive a motion to dismiss, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury,[4] and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25. A plaintiff must also allege "details of time and place" of the conspiracy and "specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense." Id. at 325; see also Dunlop, 2008 WL 1970002, at *6 (noting that Ciambriello's specific requirements are neither a "heightened pleading requirement" nor a "requirement that

---

[4] Plaintiff's complaint alleges in conclusory fashion that JetBlue "conspired with Port Authority and its police department to report all passengers declaring their firearms . . . in violation of their right to interstate travel secured under the United States Constitution and [FOPA]." To the extent that plaintiff alleges the conspiracy violates FOPA rights, the Court reiterates that FOPA does not provide the basis for a damages claim under § 1983.

plaintiff must plead 'specific facts' to support his claim," but rather a statement of the minimum allegations necessary to state a plausible claim for relief).

Berliner's § 1983 conspiracy allegations fall far short of pleading a plausible conspiracy between JetBlue and Port Authority.  Although her complaint alleges the existence of an "understanding" and "conspiracy" between the two entities, these allegations are conclusory at best and provide no detail about an agreement between JetBlue and Port Authority to inflict an unconstitutional injury on any of JetBlue's passengers.  See Ciambriello, 292 F.3d at 324; see also Moyer v. Borough of N. Wales, No. Civ.A. 00-1092, 2000 WL 875704, at *3 (E.D. Pa. June 22, 2000) (rejecting plaintiff's unsupported allegations of an "understanding" between a private party and state actor and dismissing § 1983 claim).  Although Berliner argues that "conspirators rarely formulate their plans in ways susceptible of proof by direct evidence," this does not relieve her of the "obligation to allege facts . . . sufficient to plausibly assert the existence of an agreement between a state actor and a private party to inflict an unconstitutional injury." Concepcion v. City of N.Y., No. 05 Civ. 8501, 2008 WL 2020363, at *7 (S.D.N.Y. May 7, 2008) (dismissing § 1983 conspiracy claim and rejecting plaintiff's argument that the secret nature of conspiracies excused her from pleading factual specifics); Fulani v. McAuliffe, No. 04 Civ. 6973, 2005 WL 2276881, at *4 (S.D.N.Y. Sept. 19, 2005) ("[I]f potential secrecy was a valid defense of a poorly pleaded conspiracy complaint, the most outlandish and ludicrous conspiracy allegations would emerge from 12(b)(6) motions unscathed.  Plaintiffs' position would reduce the conspiracy pleading standard to a mere formality.").

Furthermore, the Court rejects Berliner's argument that her complaint adequately pleaded a conspiracy because it contained allegations that JetBlue staff called Port Authority to report Berliner's firearm declaration, and Port Authority police officers responded to the JetBlue

counter.  Mere conveyance of information to a state actor is insufficient to allege a plausible §

1983 conspiracy.  See, e.g., Middleton, 2006 WL 1720400, at *7-8 (collecting cases and

dismissing § 1983 conspiracy claim in part because allegations of "[c]ommunications between a

private and a state actor, without facts supporting a concerted effort or plan between the parties,

are insufficient to make the private party a state actor"); Murphy v. N.Y. Racing Ass'n, Inc., 76

F. Supp. 2d 489, 499 (S.D.N.Y. 1999) ("The allegation that [private defendant] conveyed

[negative information] about Plaintiff to the NYTB falls far short of alleging that [defendants]

had reached an agreement . . . to harm Plaintiff.").  Even conveyance of information that leads to

police action and arrest is insufficient to allege a § 1983 claim.  E.g., Johns v. Home Depot

U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (finding plaintiff could prove no set of

allegations to support his § 1983 claim and denying leave to amend where plaintiff alleged only

that a private actor conveyed information to police leading to plaintiff's detainment).  Berliner's

conclusory allegations do not sufficiently claim the existence of a plausible conspiracy between

JetBlue and Port Authority to inflict a constitutional injury on Berliner, and her fourth claim for

relief must therefore be dismissed.

## II.      Plaintiff's negligence claim against JetBlue

Berliner has also failed to adequately plead a plausible claim against JetBlue for

negligent failure to establish a policy, procedure, or training to comply with FOPA.  "Under New

York law, the elements of a negligence claim are:  (i) a duty owed to the plaintiff by the

defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach."  Lombard

v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002).  The existence of a duty is

"elemental to any recovery in negligence," and failure to plead duty will result in dismissal of a

negligence claim.  Gonzalez v. Caballero, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (quoting

Lippmann v. Island Helicopter Corp., 248 A.D.2d 596, 597, 670 N.Y.S. 2d 529 (2d Dep't 1998)); McCurthy v. Sturm, Ruger and Co., Inc., 916 F. Supp. 366, 368 (S.D.N.Y. 1996) ("In the absence of a duty, there is no breach and without a breach there is no liability.") (citations omitted). Here, Berliner's complaint contains no allegations of duty whatsoever, and her negligence claim must therefore be dismissed.

In opposing JetBlue's motion to dismiss, Berliner argues that even though her complaint does not allege a specific duty, it is "axiomatic" that airlines owe a duty to their passengers. Although "[a] claim for relief may not be amended by the briefs in opposition to a motion to dismiss," Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988), the Court has analyzed plaintiff's negligence claim assuming *arguendo* that she had alleged duty in her complaint and concludes that she has still failed to state a plausible negligence claim.[5]

Airlines and other common carriers owe their passengers a duty of "reasonable care under all of the circumstances of the particular case." Keyes v. Am. Airlines, Inc., CV-00-4480, 2006 WL 3483927, at *6 (E.D.N.Y. Nov. 30, 2006) (citing Bethel v. N.Y. City Transit Auth., 92 N.Y.2d 348, 356, 681 N.Y.S. 2d 201 (1998)). This duty extends to protecting Berliner and other passengers from foreseeable harm during transport and activities related to the airline's provision of services. See Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467-69 (2d Cir. 1995) (finding airline owed passenger a duty to ensure her safety at or near the baggage carousel); Keyes, 2006 WL 3483927, at *6 (noting duty extends to ensuring safety in aircraft cabins).

However, this duty does not extend to an airline's alleged failure to protect its passengers from improper arrest and injury at the hands of the police, absent allegations that the airline in

---

[5] Consideration of plaintiff's duty argument is also appropriate because the Court must consider whether the addition of duty allegations in plaintiff's proposed amended complaint cures the deficiencies in plaintiff's original complaint. See Section III, *infra*.

some way controlled the actions of the police officers or assisted them in their conduct. See Galu v. SwissAir: Swiss Air Transport Co., Ltd., No. 86 Civ. 5551, 1987 WL 15580, at *3-4 (S.D.N.Y. Aug. 3, 1987) (discussing common carrier's duty to protect passengers and noting that the duty does not extend to requiring the carrier to "interfere with a known officer of the law apparently engaged in the performance of his duty," but declining to dismiss action where plaintiff alleged that flight attendants did not stop officer from choking her and actually provided officer with material to use as a gag) (citing Matthews v. S. Ry. Sys., 157 F.2d 609, 610-11 (D.C. Cir. 1946)); see also Raysor v. Port Auth of N.Y. and N.J., 768 F.2d 34, 39 (2d Cir. 1985) (noting a third-party will only be liable for an allegedly false arrest under New York law if the third-party made an "unequivocal complaint or request to arrest").  Berliner has made no allegations that JetBlue employees "unequivocal[ly] complain[ed]" about her, requested that Port Authority officers arrest her, or actively assisted the officers in their allegedly wrongful conduct.

Moreover, to the extent plaintiff has attempted to allege that JetBlue employees did not receive proper training in questioning passengers' compliance with FOPA, this is akin to an action for negligent training in investigative procedures, which is not actionable in New York. See, e.g., Russ v. State Employees Fed. Credit Union, 298 A.D.2d 791, 793, 750 N.Y.S. 2d 658 (3d Dep't 2002).  Even if New York did recognize such a claim, it is impractical to require an airline to train its employees in the firearms laws of all fifty states, as would be necessary for the employees to know whether a passenger is traveling in compliance with FOPA. Cf. Torraco, 539 F. Supp. 2d at 644 (refusing to read into FOPA "a Congressional intent to require local police to have on-the-spot knowledge of the firearms laws of all 50 States").

Because plaintiff has failed to allege sufficient facts supporting a plausible negligence claim against JetBlue, her fifth claim for relief must be dismissed.

### III.     Plaintiff's purported motion to amend her complaint

In her opposition brief, Berliner has included a request to amend her complaint if the

Court determines that any of JetBlue's arguments are meritorious.  Her proposed amended

complaint   attached as an exhibit to her opposition brief – includes additional factual allegations

regarding both her § 1983 and negligence claims.

As a preliminary matter, the Court notes that although Port Authority has filed an answer

to plaintiff's complaint, JetBlue's only response to the complaint to date has been its motion to

dismiss.  Because JetBlue has not filed a responsive pleading, Berliner may still amend her

complaint once as a matter of course as to JetBlue without seeking leave to amend.  See Fed. R.

Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . . before being

served with a responsive pleading."); Krasner v. Episcopal Diocese of Long Island, 328 F. Supp.

2d 367, 371 (E.D.N.Y. 2004) ("A motion to dismiss is not a responsive pleading under Rule

15(a)."); Rose v. Assoc. Univs., Inc., No. 00 Civ. 0460, 2000 WL 1457115, at *3 (S.D.N.Y.

Sept. 28, 2000) ("[W]here some but not all defendants have answered [the complaint], plaintiff

may amend as of course claims asserted solely against the non-answering defendants.").  The

Court thus has reviewed the amended complaint as to JetBlue, but concludes that Berliner's

additional allegations regarding her § 1983 and negligence claims are still insufficient to cure the

defects in her original complaint and plead a plausible cause of action on these claims.

In an attempt to supplement her § 1983 claim, Berliner has amended her allegation that

JetBlue "was acting as a quasi law enforcement agent or state actor operating under the direction

and control of [] Port Authority" to state more forcefully that "JetBlue, acting under the direction

and control of [] Port Authority and its police department, was a state actor."  However, this

amended language is still nothing more than a conclusory legal statement couched as a factual

allegation, and Berliner has alleged no further factual details supporting attribution of JetBlue's actions to the state under the compulsion test or any other state action test. See In re NYSE Specialists, 503 F.3d at 95; Sybalski, 2008 WL 4570642, at *2. Her amended complaint thus still fails to state a plausible claim of state action by JetBlue to support an action under § 1983.

Additionally, Berliner has attempted to supplement her § 1983 conspiracy claim by alleging that JetBlue "did not have a similar arrangement in California" to report passengers declaring firearms (because "[JetBlue] accepted Berliner's firearm declaration in Los Angeles International Airport without incident"), and that JetBlue staff "advised Berliner that they had to contact Port Authority" with respect to her firearm declaration. Berliner's allegation that she declared her firearm in Los Angeles "without incident" is nothing more than a red herring and does nothing to make her allegations of a § 1983 conspiracy at JFK any more plausible. Furthermore, these additional allegations still fail to provide any specific details of the alleged conspiracy between JetBlue and Port Authority—plaintiff still has nothing on which to base her conspiracy claim except (1) JetBlue telling her it was going to contact Port Authority about her firearm declaration; (2) JetBlue contacting Port Authority to provide that information; and (3) Port Authority police officers responding to the JetBlue counter. This is simply not enough to allege a plausible § 1983 conspiracy to inflict an unconstitutional injury on Berliner or other passengers. See Ciambriello, 292 F.3d at 324; Middleton, 2006 WL 1720400, at *7-8.

With respect to her negligence claim, Berliner has alleged in the amended complaint that JetBlue "[a]s an air carrier . . . had a duty of care to protect Berliner from harm while traveling with JetBlue." She has also alleged that JetBlue's failure to train its personnel to comply with FOPA resulted in its "negligent[] participat[ion] with Port Authority to detain, investigate and prosecute passengers who declare firearms," and that JetBlue's negligence "enabled [Port

Authority] to harass and physically harm Berliner." As discussed in Section II, <u>supra</u>, these allegations are still insufficient to state a plausible negligence claim against JetBlue. JetBlue's duty of care as an airline does not extend to protecting plaintiff from harm at the hands of Port Authority police officers, and the conclusory allegation that JetBlue's failure to train its employees somehow "enabled" Port Authority to cause Berliner's injuries is not equivalent to an allegation that JetBlue unequivocally complained about Berliner or otherwise actively encouraged her arrest and injuries, as would make her claim for relief plausible. <u>See</u> <u>Galu</u>, 1987 WL 15580, at *3-4; <u>Raysor</u>, 768 F.2d at 39.

Because Berliner's amended complaint fails to cure the deficiencies in her original complaint and state a plausible cause of action on her § 1983 and negligence claims, the Court concludes that these claims for relief must still be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS JetBlue's motion to dismiss and ORDERS that plaintiff's fourth and fifth claims for relief are dismissed with prejudice.

SO ORDERED.

                                        /s/(BMC)
                              _____
                                        U.S.D.J.

Dated: Brooklyn, New York
       November 14, 2008