FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 15 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

CYNTHIA BERLINER,                          :

                              Plaintiff,   :   **ORDER**

                                           :   08 Civ. 3152 (BMC)
        - against -                        :

                                           :
PORT AUTHORITY OF NY & NJ, POLICE          :
OFFICERS MATTHEW WALPOLE, JOHN             :
DOES 1-3, JETBLUE AIRWAYS                  :
CORPORATION,                               :

                                           :
                              Defendants.  :

--------------------------------------------------------------- X

    Plaintiff's motion to vacate this Court's prior Order of dismissal [25] is granted in part,

with conditions as described below.  The Court finds counsel's neglect of failing to timely seek

the reopening of this case to be excusable.  See generally Pioneer Inv. Servs. Co. v. Brunswick

Assocs., 507 U.S. 380 (U.S. 1993).

    The Court is nonetheless troubled by plaintiff counsel's continuing lack of attention to

this case.  Plaintiff was required by the Court to file a proposed amended complaint in

connection with the motion to vacate so that it could determine whether the claims that plaintiff

wishes to assert are viable in light of Torraco v. Port Auth., 615 F.3d 129 (2d Cir. 2010), and this

Court's prior dismissal order of the claims against JetBlue.

    Plaintiff's reply memorandum of law suggests that the only claim she is pursuing is her

excessive force claim, which the Court would permit.  But the proposed amended complaint is

not so limited.  It begins with the allegation that "[t]his is an action for damages 42 U.S.C. §1983

for false arrest, malicious prosecution, and excessive use of force."  Paragraph 9 alleges that

"[w]ithout any probable cause to believe that Berliner had violated any laws, the defendant

police officers began to harass Berliner regarding her possession of a firearm in the New York." Paragraph 10 goes on to state that "[d]espite the lack of probable cause to believe that Berliner was committing a crime in New York, defendant police officers arrested Berliner for felony possession of a firearm under Penal Law Sections 265.03 and 265:02-4." Moreover, the first cause of action, rather than limiting itself to excessive force, states that "[d]efendants police officers and other unknown officers acting under the color of law subjected Plaintiff to the deprivation of her right to be free from unreasonable searches and seizures by the Constitution and the laws of the United States, including but not limited to excessive use of force." Finally, the proposed amended complaint continues to state facts relating to the claims against JetBlue – although not the claims themselves – that were previously dismissed. Counsel has thus created an ambiguity as to which claims plaintiff intends to pursue, requiring the remaining defendants to oppose the reinstatement of claims that plaintiff may or may not be asserting, and requiring this Court to determine which claims plaintiff intends to prosecute.

Based on plaintiff's reply memorandum of law, which makes no defense of any claims other than excessive force that might be asserted in the amended complaint, the Court partially grants the motion to reinstate this case *only* to the extent that plaintiff is pursuing a claim for excessive force. All allegations relating to misconduct by JetBlue or the lack of probable cause against the remaining defendants are stricken. The second claim for relief, under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), is not allowed because it alleges only conclusions and general characterizations, and thus does not meet the standard of pleading a plausible claim under Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

By separate Order, the Court will set this matter down for a status conference.  The Court

expects discovery and resolution of the excessive force claim to proceed expeditiously.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 14, 2011