THE LAW OFFICES OF
# LOUIS A. ZAYAS
A LIMITED LIABILITY COMPANY

_____
8901 Kennedy Boulevard, 5th Floor  Tel: (201) 977-2900
North Bergen, N.J. 07047  Fax: (201) 546-5947
lzayas@zayaslawfirm.com

October 12, 2011

**VIA ECF**
Honorable Tucker L. Melancon
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Berliner v. Port Authority of NY & NJ, et al
                  Civil Action No.: 08-3152

Dear Judge Melancon:

      Please accept this letter brief in lieu of a more formal memorandum of law in support of Plaintiff Cynthia Berliner's request for the following relief: (1) permit the jury to know the nature of the offense for which Ms. Berliner was arrested and (2) Port Authority's Memorandum concerning 18 U.S.C. §926A. The above information is relevant to Ms. Berliner's excessive force claim under Section1983.

      1.  Excessive Force Claim

      In Graham v. Connor, 490 U.S. 386, 395 (1989), the Supreme Court noted a number of non-exclusive factors that can be used to determine whether an excessive force claim presented a triable issue: (1) the nature and severity of the crime leading to the arrest, (2) whether the suspect posed an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. The standard is one of "objective reasonableness." Id..

      In making that assessment, courts have accepted the common-sense notion that in considering whether force is excessive, one other factor to consider is the severity of any injuries that the plaintiff has sustained. See Evans v. Solomon, 681 F.Supp.2d 233, 252 (E.D.N.Y.2010); Garcia v. Greco, No. 05 Civ. 9587, 2010 WL 446446, at *7, 2010 U.S. Dist. LEXIS 11106, at *18 (S.D.N.Y. Feb. 9, 2010); Phelps v. Szubinski, 577 F.Supp.2d 650, 663 (E.D.N.Y.2008); Bradley v. Village of Greenwood Lake, 376 F.Supp.2d 528,

1

535 n. 4 (S.D.N.Y.2005). The most important single element of the three specified factors is whether the suspect poses an immediate threat to the safety of the officers or others.

In evaluating whether excessive force was used in effectuating the arrest, the jury should be permitted to listen to the entire story. As Judge Cogan explained:

> The jury will be required to determine whether excessive force was used to effectuate the arrest in the whole context in which it happened; it will not be asked to slice it into individual pieces to determine whether any of those pieces standing alone constituted excessive force. *See* Graham v. Connor, 490 U.S. 386, 396 ("[The] proper application [of the test for reasonableness under the Fourth Amendment] requires careful attention to the facts and circumstances of each particular case....").

Ramussen v. City of New York, 766 F.Supp. 399, 405 (E.D.N.Y. Feb. 2011).

Here, Ms. Berliner alleges that Port Authority police officer Walpole used excessive, if not unnecessary, force when he arrested her for unlawful possessionof firearm. The jury should be allowed to hear testimony that Ms. Berliner declared to the JetBlue ticket agent that she was transporting an unloaded firearm in her suitcase, which she had a California gun license. Ms. Berliner never displayed the firearm or otherwise posed a threat to the safety of others, including officer Walpole. Ms. Berliner's good faith compliance with federal regulations and cooperative demeanor when confronted by officer Walpole is important to show the fact and circumstances surrounding her arrest. Clearly, the amount of force use would be different if the arrestee was charged with resisting arrest or some form of assaultive behavior. By omitting the nature of the arrest, the jury will be deprived of the whole picture. Accordingly, Ms. Berliner respectfully request that the jury be allowed to hear testimony regarding the facts and circumstances of her arrest, including the nature of the alleged crime.

2.  18 U.S.C. §926A

As discussed at the status conference on October 6, 2011, Ms. Berliner seeks to introduce a Port Authority Memorandum explaining a firearm owner's right to travel interstate with a firearm. The aforementioned memorandum is critical to show that the arresting officer was not required to arrest Ms. Berliner for criminal possession of a firearm.

2

In 1986, Congress enacted the Firearm Owner Protection Act, Title 18 U.S.C. §926A, to permit firearm owners to travel interstate with their firearm without interference from other states when the firearm owner is permitted to possess the firearm both at his departure and arrival locations. § 926A provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: *Provided,* That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

In this case, the Port Authority memorandum is relevant to show that firearm owners, such as Ms. Berliner, are entitled to travel with their firearms under §926A. These evidence is important as it relates to the lack of severity or seriousness of the offense charged. In other words, Ms. Berliner' offense was a statutory violation which did not merit an arrest much less the use of excessive force.  Accordingly, Ms. Berliner respectfully request that the aforementioned Port Authority document be permitted to be admitted into evidence.

                          Respectfully Submitted,

                          */s/LOUIS A. ZAYAS, ESQ.*
                          LOUIS A. ZAYAS, ESQ, (LZ-1881)

Case 1:08-cv-03152-TLM   Document 58   Filed 10/12/11   Page 4 of 4 PageID #: 561